United States District Court
Middle District of Florida
Ocala Division

FILED - USDC - FLMD - OCA
JUN 25 2025 AM 11:14

Angel E. Gastón
Plaintiff

Case No: 5:22-CV-394-KKM-PRL

V.

Lake County, et al.

## Motion For Default Judgment

I, Angel E. Gastón (the pro-se plaintiff in the above styled cause) give notice to this honorable court of the defendant's default in responding to or defending against the above styled cause within the time frame established by this court's order on 1/13/2025. Therefore, pursuant to Federal Civil Rules of Procedure (FCRP) rule 55(a) I move this court and/or clerk of court for default judgment against the defendants not covered by the Southern District of Texas Bankruptcy Court automatic stay order. In support of this motion I state the following:

1.) On 10/11/2024 I filed a 3rd amended complaint with this Court.

2.) On 12/17/2024 I (the plaintiff) received a "notice of stay" from defendants: Wellpath, LLC.; Correct Care Solutions, LLC; Dr. O; Nurse Jacklyn; Nurse Kurt; Nurse Glenda; unknown nurse 1; and unknown nurse 2, filed on 11/20/2024.

3.) The stay order for only the defendants listed above in number 2 came from the United States Bankruptcy Court for the Southern District of Texas, Houston Division. (see Exhibit "A")

4.) On 1/22/2025 I received an order from this court instructing the U.S. Marshal to serve the defendants within 30 days of 1/13/2025 (the date of the Courts order). This order also instructed the defendants to respond to the complaint within 60 days of the date of service.

p.g. 1 of 4

5.) This court ordered the U.S. Marshal to serve the defendants pursuant to FRCP rule 4(c)(3) because I (the plaintiff) was authorized to proceed in Forma Pauperis under 28 U.S.C. §1915.

6.) This court gave the U.S. Marshal 30 days to serve the defendants (1/13/2025 – 2/13/2025).

7.) Per court order, this court gave the defendants 60 days from the date of service by the U.S. Marshal to respond to the complaint. Lattest date of service being on or about 2/13/2025, which would be a deadline on or about 4/15/2025 for the defendants (for whom the stay order did not apply to) to file a response to the complaint.

8.) I give notice to this court that it is now 6/19/2025; far beyond the deadline established by this court for the defendants (not covered by the stay order) to respond to this complaint.

9.) I (the Plaintiff) have not received any response to the complaint or motions for extension of time from the defendants to justify any excusable neglect in responding to the complaint by the court ordered deadline.

10) Therefore, pursuant to FRCP rule 55(b), I move this court and/or the clerk of court to enter default judgment against: Lake County; Peyton C. Grinell; Captain Edwards; Lt. Gilmore; Sgt. Welch; Sgt. Jones; Cpl. Conger; Cpl. White; Cpl. Wade; Dep. Jones; Dep. Sharp; Dep. Paul; Dep. Knight; Dep. Loveless; Dep. Tomson; Dep. Malia; Dep. Modole; and Howard H. Lawrence. (see Exhibit "B", Affidavit showing amount due)

11.) This motion for default judgment should be granted because, ① defendants were properly served by U.S. Marshal under the order of this court, ② defendants failed to plead or otherwise defend against this complaint, ③ I (the plaintiff) would be prejudiced by inability to obtain final judgment, ④ the merits of the complaint favor me (the

Plaintiff), ⓑ there is no possibility of dispute concerning material facts, and ⓒ public policy favoring decisions on merits do not weigh against granting default judgment.

12.) Defendants are not entitled to notice of default judgment motion because they have not appeared in adversary proceedings before this motion was filed. Nevertheless, see my good faith certificate of service bellow.

13.) I give notice that on 5/9/2025 this court ordered Wellpath, LLC. and Correct Care Solutions, LLC. to provide a status report (within seven days of 5/9/2025) regarding their bankruptcy proceedings and whether the automatic stay had been extended beyond the last April 2025 extension.

14.) I give notice that to this day (6/19/2025) these defendants (for whom the stay order did apply) have not responded to the courts request for an update.

Wherefore, in consideration of numbers 1-12 above and pursuant to FRCP rule 55, I move this court and/or clerk of court to enter a default judgment against Lake County, Peyton C. Grinell, Captain Edwards, Lt. Gilmore, Sgt. Welch, Sgt. Jones, Cpl. Conger, Cpl. White, Cpl. Wade, Dep. Jones, Dep. Sharp, Dep. Paul, Dep. Knight, Dep. Loveless, Dep. Tomson, Dep. Malia, Dep. Moable, and Howard H. Lawrence for failing to respond and/or defend against the above styled complaint within the deadlines established by this courts order on 1/13/2025.

## Certificate of Service

I hereby certify that a true and correct copy of this motion was given to ~~Heera~~ mail Room a detention officer with the Florida Department of Corrections for U.S. Postal Mailing to the U.S.

P.g. 3 of 4

Middle District Court of Florida, Ocala Division, 207 NW
Second Street, Room 337, Ocala, FL 34475; to the Lake
County Attorney's office, Attn: Rachel Bartolowits, P.O. Box
7800, Tavares, FL 32778; and to Law Offices of Billing,
Cochran, Lyles, Mauro, and Ramsey, P.A., attn: Jeffery R
Lawley and Mary Ann Triola, Las Olas Square, Suite 600,
515 East Las Olas Boulevard, Fort Lauderdale, FL 33301
On this __20th__ day of June 2025.

Respectfully Submitted,

Angel E. Gaston
Date: 6/20/2025
Sumter Correctional Institution
Cell# J2105 : DC#020151
9544 CR 476 B
Bushnell, FL 33513

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE
OFFICER INITIALS

pg. 4 of 4

Motion For Default Judgment

# EXHIBIT "A"

**Mary Ann Triola**

| | |
|---|---|
| **From:** | cmecf_flmd_notification@flmd.uscourts.gov |
| **Sent:** | Wednesday, November 20, 2024 3:25 PM |
| **To:** | cmecf_flmd_notices@flmd.uscourts.gov |
| **Subject:** | Activity in Case 5:22-cv-00394-KKM-PRL Gaston v. Lake County et al Notice (Other) |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Middle District of Florida

**Notice of Electronic Filing**

The following transaction was entered by Lawley, Jeffery on 11/20/2024 at 3:25 PM EST and filed on 11/20/2024

| | |
|---|---|
| **Case Name:** | Gaston v. Lake County et al |
| **Case Number:** | 5:22-cv-00394-KKM-PRL |
| **Filer:** | Correct Care Solutions, LLC |
| | John/Jane Doe |
| | Glenda LNU |
| | Jacklyn LNU |
| | Kurt LNU |
| | O |
| **Document Number:** | 37 |

**Docket Text:**
**NOTICE by Correct Care Solutions, LLC, John/Jane Doe(Nurse #2, Wellpath - Individual Capacity), John/Jane Doe(Nurse #1, Wellpath - Individual Capacity), Glenda LNU, Jacklyn LNU, Kurt LNU, O (Attachments: # (1) Exhibit Interim Order on Motion to Stay, # (2) Exhibit PC Order)(Lawley, Jeffery)**

**5:22-cv-00394-KKM-PRL Notice has been electronically mailed to:**

Jeffery R. Lawley    jrl@bclmr.com, maryann@bclmr.com

**5:22-cv-00394-KKM-PRL Notice has been delivered by other means to:**

Angel E. Gaston

1

020151
South Florida Reception Center
14000 NW 41st Street
Doral, FL 33178

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=11/20/2024] [FileNumber=25053603
-0] [41d11a5331c23957198cd1bf57cfa5ae6a86c81fc616728027bb2a8b6c628236d
e5b440287cd31e75e8a7feae0597f49fe0228a49f4ac45366e3fad9de4993fd]]
**Document description:**Exhibit Interim Order on Motion to Stay
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=11/20/2024] [FileNumber=25053603
-1] [4795cb54d0afd45b001f4d138ab9574a706d75a3750232839fe8d0756715c2546
6e579430f9935f14da53d75142fca072145f1ed12fa592e546d35e3bef2d804]]
**Document description:**Exhibit PC Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=11/20/2024] [FileNumber=25053603
-2] [85d0e52f8ea5ef7c8b5bd118a58a9ff824e4d74ea1ebabaf69a5df449f9056268
155608765cbead224c8129025b204ec0e7b0a90c6c87ace30c9804cda018138]]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Angel E. Gaston,

      Plaintiff,                         Case No 5:22-cv-394-KKM-PRL

v.

Lake County, et al.

      Defendants.

_____/

## NOTICE OF STAY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, WELLPATH, LLC, CORRECT CARE SOLUTIONS, LLC, DR. O., NURSE JACKSLYN, NURSE KURT, NURSE GLENDA, UNKNOWN NURSE 1 AND UNKNOWN NURSE 2 as Defendants in the above-captioned proceeding, and file this *Notice of Stay* and would respectfully show the Court the following:

1.      On November 11, 2024 (the "Petition Date"), Wellpath Holdings, Inc. and certain of its debtor affiliates (the "Debtor") filed *Voluntary Petitions for Non-Individuals Filing Bankruptcy* for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under the lead Case No. 24-90533-(ARP).

2.      On November 12, 2024, the Bankruptcy Court entered an *Amended Interim Order Enforcing the Automatic Stay* [Docket No. 69] (the "Stay Order"), pursuant to which the above-captioned proceeding, among other lawsuits filed as of the Petition Date in which a Debtor is named as one of the defendants therein, is stayed in its entirety, including the plaintiff's claims

against the non-Debtor defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code. A copy of the Stay Order is attached hereto as **Exhibit 1**.

3. On November 14, 2024, the Bankruptcy Court entered an *Amended Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations, and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief* [Docket No. 91] (the "PC Stay Order"), pursuant to which the above-captioned proceeding, among other lawsuits filed as of the Petition Date in which a professional corporation associated with a Debtor (the "Professional Corporation") is named as a defendant or one of the defendants therein, is stayed in its entirety, including the Plaintiff's claims against the Professional Corporation. A copy of the PC Stay Order is attached hereto as **Exhibit 2.**

4. Pursuant to the PC Stay Order and section 362 of the Bankruptcy Code, the commencement of the Debtors' chapter 11 cases operate as an interim stay applicable to all persons (and all those acting for or on their behalf) and all governmental units (and all those acting for or on their behalf), of:

    a. "[T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Professional Corporation that (i) was or could have been commenced before the Petition Date, or an act to recover a claim against any Professional Corporation that arose prior to the Petition Date, and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

b. [T]he enforcement, against any Professional Corporation or against property of any Professional Corporation, of a judgment (i) obtained before the Petition Date and (ii) which triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

c. [A]ny act to obtain possession of, or exercise control over, property of any Professional Corporation that may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

d. [A]ny act to create, perfect, or enforce any lien against property of any Professional Corporation to the extent that (i) such lien secures a claim that arose before the Petition Date and (ii) it triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents; and;

e. [A]ny act to collect, assess, or recover a claim against any Professional Corporation that (i) arose before the Petition Date and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents. PC Stay Order ¶ 4.

5.     As a result of the extension of the automatic stay to the Defendants, all parties are stayed from any further continuation of these proceedings until such time as the Bankruptcy Court may order otherwise.

6.    The automatic stay has not been lifted or otherwise modified; the automatic stay referenced above remains in effect.

7.    The Defendants reserve their rights to bring an action in the Bankruptcy Court for any violation of the automatic stay.

WHEREFORE, PREMISES CONSIDERED, the Debtor and Defendants pray that this Court take notice of the PC Stay Order and the automatic stay, and that further action be stayed and for such other and further relief as to which it may be justly entitled.

Respectfully submitted this 20th day of November 2024.

BILLING, COCHRAN, LYLES
MAURO, & RAMSEY, P.A.
Las Olas Square, Ste. 600
515 E. Las Olas Blvd.,
Fort Lauderdale, FL 33301
Ofc:   954-764-7150


By: /s/ JEFFERY R. LAWLEY

Jeffery R. Lawley, Esq.
Florida Bar No. 596027
jrl@bclmr.com
*Attorneys for Defendants, Wellpath, LLC, Correct Care Solutions, Dr. O., Nurse Jacklyn, Nurse Kurt, Nurse Glenda, Unknown Nurse 1 And Unknown Nurse 2*

I HEREBY CERTIFY that on this 20th day of March, 2019, I electronically served a true and correct copy of the foregoing to *Pro Se* Plaintiff via US Mail to: Angel Gaston, Inmate # 119151, Lake County Detention Center, 551 W. Main Street, Tavares, FL 32778

By:  /s/ Jeffery R. Lawley
Jeffery R. Lawley, Esq.
Fla. Bar No. 0596027
jrl@bclmr.com

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Joint Administration Requested) |
| | **Re Docket No.: 17** |

<u>**AMENDED INTERIM ORDER ENFORCING THE AUTOMATIC STAY**</u>

Upon the emergency motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of interim and final orders, pursuant to section 362(a) of the Bankruptcy Code, enforcing the Automatic Stay in the Lawsuits[3] or in the alternative extending the application of the Automatic Stay to the Non-Debtor Defendants until consummation of a chapter 11 plan in these chapter 11 cases, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and given that notice of the Motion having been provided to the Notice Parties,

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]    For the purposes of this Interim Order, "Lawsuits" shall mean any lawsuits filed as of the Petition Date in which a Debtor is named as one of the defendants therein.

and this Interim Order being served on the Notice Parties in accordance with paragraph 1 hereof, notice shall be deemed adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, and at the Hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled, in each case, with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT

1.    The final hearing (the "Final Hearing") on the Motion shall be held on December 5, 2024, at 3:00 p.m. (prevailing Central Time). Any objections or responses to entry of a Final Order on the Motion shall be filed and served on the Notice Parties and counsel to any statutory committees appointed in these chapter 11 cases so as to be actually received on or before 4:00 p.m. (prevailing Central Time) on December 2, 2024. The Debtors shall serve a copy of this Interim Order on the Notice Parties within five business days of the date hereof. In the event that no objections to the entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without the need for the Final Hearing.

2.    The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code.

3.    Nothing in this Interim Order shall prejudice the right of any creditor to seek relief from the Automatic Stay pursuant to section 362 of the Bankruptcy Code.

4.      Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry

5.      The Debtors are authorized to take any action deemed necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Interim Order without seeking further order of the Court.

6.      The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

 Signed: November 12, 2024

Alfredo R Pérez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

# ENTERED

November 14, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*,[1] | Case No. 24-90533 (ARP) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. 15** |

### AMENDED ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR AND INCUR OBLIGATIONS TO PROFESSIONAL CORPORATIONS AND (B) OBTAIN NEW PROFESSIONAL CORPORATION CONTRACTS, (II) EXTENDING STATUTORY PROTECTIONS TO PROFESSIONAL CORPORATIONS, AND (III) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to (i) honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations incurred in relation to the Professional Corporations, including obligations pursuant to the Existing Professional Corporation Contracts and (ii) enter into and honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations related to attracting, seeking, entering into, and maintaining New Professional Corporation Contracts, (b) extending the (i) automatic stay under section 362 of the Bankruptcy Code and (ii) Anti-discrimination Provisions, to the Professional Corporations on a limited basis, (c) authorizing the applicable banks and financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to pay and satisfy the foregoing, and (d) granting related relief, as more fully described

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Wellpath. The Debtors' service address for these chapter 11 cases is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and the First Day Declaration; and this Court having held a hearing to consider the relief requested in the Motion on a final basis (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy any and all prepetition and post-petition obligations incurred in relation to the Professional

Corporations, including obligations pursuant to Existing Professional Corporation Contracts in the ordinary course of business.

2.      The Debtors are authorized, but not directed, to enter into New Professional Corporation Contracts, in the ordinary course of business; *provide*, *however*, that the Debtors must provide counsel to the DIP Lenders and counsel to the Ad Hoc Group at least five business days' advance notice prior to entering into any New Professional Corporations Contracts.

3.      The Debtors' contractual relationships with the Professional Corporations and the PC Physicians, and the Professional Corporation Contracts are entitled to the protections set forth in sections 541(c) and 365(e) of the Bankruptcy Code to the maximum extent permitted by law.

4.      Subject to paragraphs 6 and 7 below, pursuant to section 362 of the Bankruptcy Code, the commencement of these chapter 11 cases shall operate as an interim stay pending further order by the Court, applicable to all persons (and all those acting for or on their behalf) and all governmental units (and all those acting for or on their behalf), of:

a.    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Professional Corporation that (i) was or could have been commenced before the Petition Date, or an act to recover a claim against any Professional Corporation that arose prior to the Petition Date, and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

b.    the enforcement, against any Professional Corporation or against property of any Professional Corporation, of a judgment (i) obtained before the Petition Date and (ii) which triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

c.    any act to obtain possession of, or exercise control over, property of any Professional Corporation that may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents;

    d.   any act to create, perfect, or enforce any lien against property of any Professional Corporation to the extent that (i) such lien secures a claim that arose before the Petition Date and (ii) it triggered the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents; and

    e.   any act to collect, assess, or recover a claim against any Professional Corporation that (i) arose before the Petition Date and (ii) may trigger the Debtors' indemnity obligations to such Professional Corporation under the applicable Professional Corporation Contract or such Professional Corporations' organizational documents.

5.      Subject to paragraphs 6 and 7 below and pending further order by the Court, pursuant to section 525 of the Bankruptcy Code (and subject to the exceptions set forth in section 525(a) of the Bankruptcy Code), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, any Professional Corporation on account of (a) the commencement of these chapter 11 cases, (b) the Debtors' insolvency, or (c) the fact that the Debtors have not paid a debt that is dischargeable in these chapter 11 cases.

6.      Within five business days of the date hereof, the Debtors shall serve a copy of this Order on the Notice Parties and each plaintiff (or, where applicable, their counsel) in any lawsuit filed as of the Petition Date in which a Debtor is named as one of the defendants therein, and all persons and governmental entities listed on the certificate of service filed in connection with such service (the "Service Notice") shall be bound by the relief granted in paragraphs 4 or 5 of this Order on an interim basis pending entry of a further order of this Court.

7.      Nothing contained herein shall prejudice any person's or governmental unit's right to object to the relief granted in paragraphs 4 or 5 of this Order (a "Section 362/525 Objection"); however, such Section 362/525 Objection must (a) be in writing, (b) comply with the Bankruptcy

Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the *Procedures for Complex Cases in the Southern District of Texas*, (c) state, with specificity, the legal and factual bases thereof, and (d) be filed with this Court and served on the Debtors so as to be actually received on or before 4:00 p.m. (prevailing Central Time) on December 27, 2024 (which shall not be less than 44 days after the date hereof) (the "Objection Deadline").  Any person or governmental entity listed on the Service Notice that fails to timely file and serve a Section 362/525 Objection shall be bound by, and be prohibited from contesting, the relief granted in paragraphs 4 and 5 of this Order, as the Court may enter an order granting the relief set forth in paragraphs 4 or 5 of this Order on a final basis without the need for a final hearing.  If a Section 362/525 Objection is timely filed and served, the Debtors may, without further order from this Court, resolve such Section 362/525 Objection by mutual agreement with the objecting party.  If any Section 362/525 Objections are filed and not resolved prior to the expiration of the Objection Deadline, a hearing shall be held on January 14, 2025 at 9:00 a.m. (prevailing Central Time) to adjudicate said Section 362/525 Objection(s).

8.      Nothing in this Order shall prejudice the right of any creditor to seek relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

9.      Nothing in this Order shall limit the applicability of section 362(b) of the Bankruptcy Code.

10.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order

granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease (including any Professional Corporation Contract) pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of any order of this Court approving the post-petition secured debtor-in-possession financing facility and the use of cash collateral (any such order, a "Financing Order"), including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith, the terms of the applicable Financing Order (including any documentation with respect to such financing and any budget or cash flow forecasts in connection therewith) shall govern.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of any Financing Order.

12.     All applicable banks and financial institutions are hereby authorized to receive, process, honor, and pay all such checks, drafts, wire transfers, and other forms of payment evidencing amounts paid by the Debtors under this Order, regardless of whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers are issued or authorized

to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13.     The Debtors are authorized, but not required, to issue, in their sole discretion, new post-petition checks, or to effect post-petition fund transfers, for obligations relating to the Professional Corporations to replace any checks, drafts, wire transfers, and other forms of payment that have been dishonored or rejected.

14.     Any Bankruptcy Rule or Bankruptcy Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of this Court.

16.     This Court retains exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 14, 2024

Alfredo R Pérez
United States Bankruptcy Judge

Motion For Default Judgment

# EXHIBIT "B"

United States District Court
Middle District of Florida
Ocala Division

Angel E. Gastón
Plaintiff

V.

Lake County, et al.
Defendant(s)

Case No.: 5:22-CV-394-KKM-PRL

## Affidavit For Summary of Relief From Complaint

State of Florida
County of Sumter

I hereby certify that physically before me, a Notary Public, is Angel E. Gastón who is known to me and has presented a valid Florida Department of Corrections ("DOC") Identification card with DOC number 020151. Mr. Gastón has sworn the following to be true and correct:

1.) I, Angel E. Gastón, am over the age of 21 and in all respects sui juris.

2.) I am currently incarcerated in the "DOC" Sumter Correctional Institution.

3.) My address is 9544 CR 476 B, Bushnell, FL 33513

4.) Pursuant to the Federal Rules of Civil Procedure (FRCP) rule 55(b)(1) This is an affidavit showing the sum certain amount due against the defendants, as stated in the complaint.

5.) This affidavit is only for the following defendants: Lake County, Pexton C. Grinell, Captain Edwards, Lt. Gilmore, Sgt. Welch, Sgt. Jones, Cpl. Conger, Cpl. White, Cpl. Wade, Dep. Jones,

P.g. 1 of 6
Affidavit

Dep. Sharp, Dep. Paul, Dep. Knight, Dep. Loveless, Dep. Tomson, Dep. Malia, Dep. Modole, and Howard H. Lawrence.

6) Sum Certain amount due against defendants (see exhibit "A" for Relief and Relief Summary.)

A.) <u>Extraordinary</u> relief
   1.) — does not apply here —
   2.) — does not apply here —
   3.) To issue an order to Lake County to inform detainees of their rights.

B.) <u>Monitary Damages</u>

   1.) <u>Excessive Use of Force</u>:
   <u>Against</u>: Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep Jones, Dep. Malia, and Dep. Modole in their individual and official capacities.

   (A) Damages of $23,375 per defendant in this Section; Sum Certain amount of $140,250 for all defendants (6)

   (B) Punitive damages of $44,500 per defendant in this Section; Sum Certain amount of $267,000 for all 6 defendants.

   (C) Attorneys fees, costs, and any other relief.

   2.) <u>Deliberate Indifference</u>:
   <u>Against</u>: Lake County, Sheriff Grinnell, Capt. Edwards, Lt. Gilmore, Sgt. Jones, Cpl Wade, Dep. Sharp, Dep Paul, Dep. White, Dep Loveless, Dep. Knight, and Dep. Tomson in their individual and official capacities.

   (A) Damages of $5,700,000 against Lake County.

   (B) Damages of $73,800 against Grinnell, Edwards, and Lt. Gilmore; Sum Certain amount of $221,400 for all 3 defendants

   (C) Punitive damages of $218,300 against Grinnell, Edwards, and Lt. Gilmore; Sum Certain amount of $654,900 for all 3 defendants.

pg. 2 of 6
Affidavit.

(D) Damages of $23,375 against Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep Knight, and Dep. Tomson (non-supervisors); Sum Certain amount of $163,625 for all 7 defendants.

(E) Punitive damages of $44,500 per defendant listed in section "D" above, 7 in all; Sum Certain amount of $311,500 For all 7 defendants.

(F) Damages of $23,375 against Sgt. Jones

(G) Punitive damages of $44,500 against Sgt. Jones.

(H) Attorneys fees, Costs, and other relief

3) <u>Deliberate Indifference to Serious Medical Need</u>

(A) — does not apply here —

(B) — does not apply here —

(C) — does not apply here —

(D) — does not apply here —

(E) Attorneys fees, Costs, and any other relief

(F) Damages of $5,700,000 against Lake County.

4) <u>Deprivation of Liberty</u>

(A) Damages of $73,800 against Lt. Gilmore and Sgt. Welch; damages of $23,375 against Cpl. Conger; Sum Certain amount of $170,975 for all 3 defendants.

(B) Punitive damages of $518,300 against Lt. Gilmore and Sgt. Welch; Punitive damages against Cpl. Conger—$44,500; Sum Certain amount of $1,081,100 for all 3 defendants.

(C) Attorneys fees, Costs, and any other relief.

 Supplemental Jurisdiction over State of Florida Tort Claims

5) <u>Battery</u>

<u>Against:</u> Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Jones, Dep. Malia, and Dep. Modole in their individual capacities.

p.g. 3 of 6
Affidavit

(A) Damages of $13,375 per defendant in this section; Sum Certain amount of $80,250 for all 6 defendants.

(B) Punitive damages of $34,500 per defendant in this section; Sum Certain amount of $207,000 for all 6 defendants.

(C) Attorneys fees, costs, and any other relief.

6) <u>Negligence</u>

(A) Damages of $2,650,000 against Lake County.

(B) Damages of $13,375 against Grinnell, Capt. Edwards, Lt. Gilmore, Sgt. Jones, Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight, and Dep. Tomson. (each, 11 in all); Sum Certain amount of $147,125 for all eleven defendants.

(C) Punitive damages of $34,500 against each defendant listed above in section "B", eleven in all; Sum Certain amount of $379,500 for all eleven defendants.

(D) Attorneys fees, costs, and any other relief

7) <u>Medical Malpractice</u>

(A) Damages of $2,650,000 against Lake County

(B) — does not apply here —

(C) — does not apply here —

(D) Attorneys fees, costs, and any other relief

8.) <u>Civil Conspiracy</u>

<u>Against:</u> Capt. Edwards, Director Lawrence, Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. knight, Dep. Malia, Dep. Paul, Dep. Mboble, and Dep. Tomson in their individual capacities.

(A) Damages of $13,375 per defendant listed above; Sum Certain amount of $173,875 for all 13 defendants.

P.g. 4 of 6
Affidavit

(B) Punitive damages of $24,500 against each defendant listed above, 13 in all; sum certain amount of $318,500 for all 13 defendants.

(C) — does not apply here —

(D) — does not apply here —

(E) Attorneys fees, costs, and any other relief.

9.) <u>Intentional Infliction of Emotional Distress</u>

(A) Damages of $2,650,000 against Lake County

(B) Damages of $73,800 against Capt. Edwards, Director Lawrence, and Lt. Gilmore (each, 3 in all); sum certain amount of $221,400 for all 3 defendants.

(C) Damages of $13,375 against Sgt. Welch, Cpl. Conger, Cpl. Wade, Cpl. White, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Malia, Dep. Paul, Dep. Modole, and Dep. Tomson (each, 12 in all); sum certain amount of $160,500 for all 12 defendants.

(D) — does not apply here —

(E) — does not apply here —

(F) Punitive damages of $518,300 against Capt. Edwards, Director Lawrence, and Lt. Gilmore (each, 3 in all); sum certain amount of $1,554,900 for all 3 defendants. Punitive damages of $24,500 against Sgt. Welch, Cpl. Conger, Cpl. Wade, Cpl. White, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Malia, Dep. Paul, Dep. Modole, and Dep. Tomson (each, 12 in all); sum certain amount of $294,000 for all 12 defendants.

P.g. 5 of 6
Affidavit.

10.) Respondeat Superior

    (A) Damages of $ 2,650,000 against Lake County

    (B) — does not apply here —

    (C) Attorneys fees, costs, and any other relief

11.) — does not apply here —

12.) — does not apply here —

                          Angel E. Gastón   6/20/2025

State of Florida
County of Sumter

I hereby certify that on this day before me, a notary Public, personally appeared Angel E. Gastón, who is known to me to be the person whose name is subscribed to be within this instrument, and who produced a Florida Department of Corrections Identification Card, number 020151. Angel E. Gastón acknowledged that he executed the same for the purposes therein expressed and swears that all statements contained therein are true and correct. In witness whereof, on this __20th__ day of June, 2025 sworn to and subscribed before me and I have here unto set my hand and official seal.

Print: L Hooten           Notary Seal: _____

Signature: _____          Date: 6-20-25

LINDA HOOTEN
Notary Public
State of Florida
Comm# HH382277
Expires 4/3/2027

pg. 6 of 6
Affidavit.

# EXHIBIT "A"

Affidavit for Summary
of Relief From Complaint

Relief and Relief Summary
from 3rd Amended Complaint

Continue from page 5 of 11..

## VI. Relief

A.) I am requesting the following extraordinary relief from the Court:

1.) To issue an order to Correct Care Solutions, LLC and Wellpath to immediately arrange for me (the plaintiff) to be evaluated and treated by an internal medicine specialist for the injury to my abdomen.

2.) To issue an order to Correct Care Solutions, LLC and Wellpath to immediately arrange for me to be evaluated and treated by a spinal injury specialist for the injury to my lower back.

3.) To issue an order to Lake County to immediately inform detainees of their rights while incarcerated. Detainee's rights should be posted in the housing units along with the "road map" for reporting violations by staff. The contact information for outside advocacy groups should also be provided.

B.) I am requesting the following monitary damages against the defendants:

1.) <u>Claim of Excessive use of Force:</u>

<u>Against:</u> Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Jones, Dep. Mallia, and Dep. Modole in their individual and official capacities.

A) I ask this court to award me damages of $23,375 per defendant in this section for the unnecessary actions of intentionally inflicting cruel pain and punishment in violation of the 14th Amendment.

B) I ask this court to award me punitive damages of $44,500 per defendant in this section for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions; and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(C) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I (the plaintiff) am entitled to in this section.

2) **Claim of Deliberate Indifference:**

Against: Lake County, Sheriff Grinnell, Capt Edwards, Lt. Gilmore, Sgt. Jones, Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight, and Dep. Tomson in their individual and official capacities.

(A) Against Lake County I ask this court to award me damages of $5,700,000 for the breach of duty and deliberate indifference to my rights while incarcerated at their facility. This includes their failure to train and supervise, failure to protect, and failure to act against a culture and acceptance to cruel conditions of confinement in violation of the Fourteenth Amendment; deprivation of rights clause.

(B) Against sheriff Grinnell, Capt Edwards, and Lt. Gilmore (as policy makers and supervisors) I ask this court to award me damages of $73,800 per defendant in this sub section for the breach of duty and deliberate indifference to my rights while in their custody. This Includes their failure to train and supervise, failure to protect, and failure to act against a custom and practice of permitting harassment excessive use of force, solitary confinement, "stripout" designations, and use of psychiatric restraint devices to punish and torture me; and permitting a "code of silence" and culture of acceptance to cruel conditions of confinement in violation of the deprivation of rights clause of the Fourteenth Amendment.

(C) Against Sheriff Grinnell, Capt. Edwards, and Lt. Gilmore (as policy makers and supervisors) I ask this court to award me punitive damages of $218,300 per defendant in this sub section for their actions which directly (with a willful disregard

p.g 2 of 15
Relief

and conscious indifference towards my rights) violated my rights while incarcerated such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(D) Against Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight and Dep. Tomson (non-supervisors) I ask this court to award me damages of $23,375 per defendant in this sub section for their breach of duty and failure to intervene against (or to report) the malicious actions of their fellow detention deputies; and for upholding a "Code of silence" at the "LCDC".

(E) Against Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight and Dep. Tomson (non-supervisors) I ask this court to award me punitive damages of $44,500 per defendant in this subsection for their willful disregard and conscious indifference to my rights such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented or remedied their conduct could have been accomplished at minimal cost to the defendants.

(F) Against Sgt. Jones I ask this court to award me damages of $23,375 for his failure to act or to investigate the malicious actions of his fellow sheriff detention deputies

(G) Against Sgt. Jones I ask this court to award me punitive damages of $44,500 for his refusal to investigate and/or "Code of silence" which directly (with a willful disregard and conscious indifference towards my rights) violated

p.g. 3 of 15
Relief

my rights such that an award in the form of punitive
damages is appropriate here to punish his actions and
serve as an example to prevent others from acting
in a similar way; especially because the acts necessary
for Sgt. Jones to have prevented or remedied the willful
and malicious conduct of the detention deputies could
have been accomplished at minimal cost to the defendant●

(H) I ask this Court to grant me attorneys fees and cost and any
other relief as it may appear that I am entitled to in this claim.

3.) Claim of Deliberate Indifference to
a Serious Medical Need:

Against: Lake County (official capacity), Wellpath, Correct Care
Solutions, LLC, Nurse Lori, "Dr. O", Director Lawrence,
Nurse Jacklyn, Nurse Kurt, Nurse Glenda, Cpl. Wade,
Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Tomson,
unknown nurse #1, and unknown nurse #2 in their
individual capacities.

(A) Against "Doctor O", nurse Lori, nurse Jacklyn, nurse Glenda,
nurse Kurt, Director Lawrence, unknown nurse #1, and unknown
nurse #2 I ask this Court to award me damages of $ 37,450
per defendant in this subsection for their failure to provide
medical care when a serious medical need was obvious, in
violation of the Fourteenth Amendment.

(B) Against "Doctor O", nurse Lori, nurse Jacklyn, nurse Glenda,
nurse Kurt, Director Lawrence, unknown nurse #1, and unknown
nurse #2 I ask this Court to award me punitive damages of
$ 55,620 per defendant in this subsection for their actions
which directly (with a willful disregard and conscious indifference
towards my rights) violated my rights while incarcerated
such that an award in the form of punitive damages is

appropriate here to punish their actions; and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(C) I ask this court to award me damages of $731,300 against Correct Care Solutions, LLC and $2,700,000 against Wellpath for the custom, culture, and on going practice of permitting nursing staff to "look the other way" when I (the plaintiff) was unnecessarily subjected to excessive use of force and seriously painful psychiatric restraints as punishments that created cruel medical conditions, in violation of the 14th Amendment.

(D) I ask this court to award me punitive damages of $3,400,000 against Correct Care Solutions, LLC and $3,400,000 against Wellpath for their culture, custom, and on going practice which directly (with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions; and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(E) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

(F) Against Lake County I ask this court to award me damages of $5,700,000 for the breach of common law duty of care and deliberate indifference to my serious medical need while in their custody. Note: I am not asking for punitive damages against Lake County.

pg. 5 of 15
Relief

## 4) Claim of Deprivation of Liberty:

<u>Against:</u> Lt. Gilmore, Sgt. Welch, and Cpl. Conger in their individual and official capacities.

(A) I ask this court to award me damages of $73,800 against Lt. Gilmore (a supervisor), $73,800 against Sgt. Welch (a supervisor), and $23,375 against Cpl. Conger for their harassment and intentional infliction of duress by wrongfully "stripping me out" and keeping me in solitary confinement for a period of over 5 months without due process of law and with the intent to punish my behavior, in violation of the Fifth Amendment.

(B) I ask this court to award me punitive damages of $518,300 against Lt. Gilmore (a supervisor), $518,300 against Sgt. Welch (a supervisor), and $44,500 against Cpl. Conger for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions; and to serve as an example to prevent others from acting in a similar way, especially because the acts necessary for the defendants to have prevented or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(C) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

p.g. 6 of 15
Relief

I, the plaintiff, invoke this courts supplemental jurisdiction over the following state of Florida Tort claims in accordance with 28 U.S.C. §§ 1367, and also request the following monetary damages against the defendants:

5.) Claim of Battery:

Against: Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Jones, Dep. Mallia, and Dep. Modole in their individual capacities.

(A) I ask this court to award me damages of $13,375 per defendant in this section for their unnecessary intentional assaults and malicious use of psychiatric restraints on me while performing their duties as detention deputies in the "LCDC", in violation of F.S.S. § 944.35

(B) I ask this court to award me punitive damages of $34,500 per defendant in this section for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights while incarcerated such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(C) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

6.) Claim of Negligence:

Against: Lake County, Lt. Gilmore, Sheriff Grinnell, Capt. Edwards Sgt. Jones, Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep Knight Dep. Loveless, Dep. Tomson in their individual and official capacities.

(A) I ask this court to award me damages of $2,650,000 against Lake County for their breach of duty in providing safe conditions of confinement and not protecting me from

the physical abuse and intentional infliction of painful punishment by their detention deputies.

(B) Against Sheriff Grinnell, Capt. Edwards, Lt. Gilmore, Sgt. Jones, Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight, and Dep. Tomson I ask this court to award me damages of $13,375 per defendant in this subsection for the failure of duty to act and/or intervene in and/or report the malicious and sadistic actions of their fellow detention staff members; in violation of F.SS. §944.35(4).

(C) Against Sheriff Grinnell, Capt. Edwards, Lt. Gilmore, Sgt. Jones, Cpl. Wade, Dep. Sharp, Dep. Paul, Dep. White, Dep. Loveless, Dep. Knight, and Dep. Tomson I ask this court to award me punitive damages of $34,500 per defendant in this subsection for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights while incarcerated such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(D) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

7.) <u>Claim of Medical Malpractice:</u>

<u>Against:</u> Lake County (official capacity), Wellpath, Correct Care Solutions, LLC, Director Lawrence, "Doctor O", Nurse Lori, Nurse Jacklyn, Nurse Kurt, Nurse Glenda, unknown nurse #1, and unknown nurse #2 in their individual capacities.

(A) Against Lake County I ask this court to award me damages of $2,650,000 for the breach of common law duty of care to provide adequate medical care and relief when medical devices where being used to inflict intentional pain, suffering, and punishment.

pg. 8 of 15
Relief

(B) Against Correct Care Solutions, LLC I ask this court to award me damages of $731,300; against Wellpath I ask this Court to award me damages of $2,700,000; against policymakers and supervisors "Doctor O", Director Lawrence, and nurse Lori I ask this court to award me damages of $73,800 per defendant; against nurse Jacklyn, nurse Kurt, Nurse Glenda, unknown nurse #1 and unknown nurse #2 I ask this court to award me damages of $37,450 per defendant for their breach of duty in providing medical care and relief when medical devices where being used to inflict intentional pain, suffering, and punishment; which because I was under their medical care constitutes the tort of Medical Malpractice under Florida law.

(C) Against Correct Care Solutions, LLC and Wellpath I ask this Court to award me punitive damages of $3,400,000 per defendant; against policy makers and supervisors "Doctor O", Director Lawrence, and nurse Lori I ask this court to award me punitive damages of $783,500 per defendant; against nurse Jacklyn, nurse Kurt, nurse Glenda, unknown nurse #1, and unknown nurse #2 I ask this court to award me punitive damages of $55,620 per defendant for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my medical rights as a patient such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and wanton or malicious conduct could have been accomplished at minimal cost to the defendants.

(D) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

pg. 9 of 15
Relief

8.) <u>Claim of Civil Conspiracy:</u>

<u>Against:</u> The Following:

(A) Against Capt. Edwards, Director Lawrence, Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Mallia, Dep. Pawl, Dep. Modole, and Dep. Tomson I ask this court to award me damages of $13,375 per defendant in this subsection for agreeing to use "stripout" designations, solitary confinement, excessive force, and painful extended periods of time in psychiatric restraint devices as techniques to punish and correct unwanted behaviors from me. Their agreements constitutes the tort of civil conspiracy.

(B) Against Capt. Edwards, Director Lawrence, Lt. Gilmore, Sgt. Welch, Cpl. Conger, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Mallia, Dep. Pawl, Dep. Modole, and Dep. Tomson I ask this court to award me punitive damages of $24,500 per defendant in this subsection for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(C) Against "Doctor O", Nurse Lori, Nurse Jacklyn, Nurse Glenda, Nurse Kurt, unknown Nurse #1, and unknown Nurse #2 I ask this court to award me damages of $37,450 per defendant in this subsection for agreeing to permitt and/or "looking the other way" when detention deputies intentionally inflicted pain and suffering while using psychiatric restraint devices. Their agreements constitutes the tort of civil conspiracy.

(D) Against "Doctor O", Nurse Lori, Nurse Jacklyn, Nurse Glenda, Nurse Kurt, unknown Nurse #1, and unknown Nurse #2 I ask this court to award me punitive damages of $55,620 per defendant in this subsection for their actions which directly

(with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

(E) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

9.) Claim of Intentional Infliction of Emotional Distress:

Against the following:

(A) Against Lake County (official capacity) I ask this court to award me damages of $2,650,000 for the practice and culture of unnecessary infliction of pain, suffering, and unusual punishment on me causing severe on going psychological trauma, mental anguish, and emotional distress. I am <u>not</u> requesting punitive damages against Lake County.

(B) Against Policymakers and Supervisors Capt. Edwards, Director Lawrence, and Lt. Gilmore I ask this court to award me damages of $73,800 per defendant in this subsection for the custom and practice of encouraging and/or permitting the unnecessary infliction of pain, suffering, and unusual punishment on me causing severe on going psychological trauma, mental anguish, and emotional distress.

(C) Against Sgt. Welch, Cpl. Conger, Cpl. Wade, Cpl. White, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Mallia, Dep. Paul, Dep. Modole, and Dep. Tomson I ask this court to award me damages of $13,375 per defendant in this subsection for the unnecessary infliction of pain, suffering, and unusual punishment on me causing severe on going psychological trauma, mental anguish, and emotional distress.

(D) Against Correct Care Solutions, LLC I ask this court to award me damages of $731,300; against Wellpath I ask this court to award me damages of $2,700,000; and against policymakers and supervisors "Doctor O" and nurse Lori I ask this court to award me damages of $324,300 per defendant for the unnecessary infliction of pain, suffering, and unusual punishment on me causing severe on going psychological trauma, mental anguish, and emotional distress.

(E) Against nurse Jacklyn, nurse Glenda, nurse Kurt, unknown nurse #1, and unknown nurse #2 I ask this court to award me damages of $37,450 per defendant in this subsection for the unnecessary infliction of pain, suffering, and unusual punishment on me causing severe on going psychological trauma, mental anguish, and emotional distress.

(F) Against policymakers and supervisors Capt. Edwards, Director Lawrence, and Lt. Gilmore I ask this court to award me punitive damages of $518,300 per defendant; against Sgt. Welch, Cpl. Conger, Cpl. Wade, Cpl. White, Dep. Sharp, Dep. Loveless, Dep. Jones, Dep. Knight, Dep. Mallia, Dep. Paul, Dep. Modole, and Dep. Tomson I ask this court to award me punitive damages of $24,500 per defendant; against Correct Care Solutions, LLC and Wellpath I ask this court to award me punitive damages of $3,400,000 per defendant; against policymakers and supervisors "Doctor O" and nurse Lori I ask this court to award me punitive damages of $783,500 per defendant; against nurse Jacklyn, nurse Glenda, nurse Kurt, unknown nurse #1, and unknown nurse #2 I ask this court to award me punitive damages of $55,620 per defendant for their actions which directly (with a willful disregard and conscious indifference towards my rights) violated my rights such that an award in the form of punitive damages is appropriate here to punish their actions and to serve

pg. 12 of 15
Relief

as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct could have been accomplished at minimal cost to the defendants.

10.) Claim of Respondeat Superior:

Against: Lake County (official capacity), Correct Care Solutions, LLC, and Wellpath.

(A) Against Lake County I ask this court to award me damages of $2,650,000 for the vicarious liability of the battery, negligence, civil conspiracy, medical malpractice, and intentional infliction of emotional distress by their employees. I am not asking for punitive damages against Lake County.

(B) Against Correct Care Solutions, LLC I ask this court to award me damages of $731,300; against Wellpath I ask this court to award me damages of $2,700,000 for the vicarious liability of the negligence, civil conspiracy, medical malpractice, and intentional infliction of emotional distress by their employees.

(C) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

11.) Claim of Manufacturer's Negligence:

Against: The Manufacturer's of "the Wrap" and "the Chair"

(A) Against the manufacturer's of "the Chair" and "the Wrap" I ask this court to award me damages of $2,700,000 per defendant for failing in their duty to exercise reasonable due care in adequately warning and training the operators for the proper use of their medical devices. The manufacturers negligence put me in danger of being subjected to severe injury through their medical devices and led to the injuries of my lower left abdomen and my lower back.

(B) Against the manufacturers of "the Chair" and "the Wrap" I ask this court to award me punitive damages of $4,580,000 per defendant for their actions and/or omissions which directly (with a foreseeable disregard for my safety and conscious indifference towards my rights) caused me injuries such that an award in the form of punitive damages is appropriate here to punish their actions and/or omissions and to serve as an example to prevent others from acting in a similar way; especially because the acts necessary for the defendants to have prevented and/or remedied the willful and malicious conduct of the operators could have been accomplished at minimal cost to the defendants.

(C) I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.

12) <u>Claim of Product Liability</u>
Against the manufacturer of "The Wrap".

(A) I ask this court to award me damages of $3,500,000 against the manufacturer of "The Wrap" for the design defect that cuts off blood flow to the legs and feet, and subjects patients to extended unnecessary pain and suffering for hours.

(B) I ask this court to award me punitive damages of $7,900,000 against the manufacturer of "The Wrap" for their foreseeable disregard for my safety and conscious indifference towards the design of a medical device that subjects patients to unnecessary pain and suffering; such that an award in the form of punitive damages is appropriate here to punish their actions and to serve as an example to prevent other manufacturers of medical devices from acting in a similar way; especially because the design adjustment necessary for this defendant to have prevented and/or remedied this defect could have been fixed at minimal cost to the defendant.

Ⓒ I ask this court to grant me attorneys fees and cost and any other relief as it may appear that I am entitled to in this section.



p.g 15 of 15
Relief

VI. Relief

   B.) Monitary damages Summary

1.) Claim of Excessive Use of Force:

   (A) $23,375 per defendant in this section, 6 in all.
      For all 6 defendants in this section total damages requested are $140,250

   (B) $44,500 in punitive damages per defendant in this section, 6 in all.
      For all 6 defendants in this section total punitive damages requested are $267,000

   (C) Attorneys fees, costs, and any other relief

2.) Claim of Deliberate Indifference:

   (A) $5,700,00 against Lake County

   (B) $73,800 per defendant in this section, 3 in all
      For all 3 defendants in this section total damages requested are $221,400

   (C) $218,300 in punitive damages per defendant in this section, 3 in all.
      For all 3 defendants in this section total punitive damages requested are $654,900

   (D) $23,375 per defendant in this section, 7 in all
      For all 7 defendants in this section total damages requested are $163,625

   (E) $44,500 in punitive damages per defendant in this section, 7 in all
      For all 7 defendants in this section total punitive damages requested are $311,500

   (F) $23,375 against Sgt. Jones

   (G) $44,500 in punitive damages against Sgt. Jones.

   (H) Attorneys fees, costs, and any other relief

3.) Claim of Deliberate Indifference to a Serious Medical Need:

   (A) $37,450 per defendant in this section, 8 in all
      For all 8 defendants in this section total damages requested are $299,600

   (B) $55,620 in punitive damages per defendant in this section, 8 in all
      For all 8 defendants in this section total punitive damages requested are $444,960

   (C) $731,300 against Correct Care Solutions LLC.
      $2,700,000 against Well path.
      Total damages requested for this section are $3,431,300

P.g. 1 of 4
Relief Summary

Ⓓ $3,400,000 in punitive damages against Correct Care Solutions, LLC.

$3,400,000 in punitive damages against Wellpath

Total Punitive damages requested in this Section are $6,800,000

Ⓔ Attorneys fees, Costs, and any other relief

Ⓕ $5,700,000 against Lake County.

4.) Claim of Deprivation of Liberty:

Ⓐ $73,800 against Lt. Gilmore.

$73,800 against Sgt. Welch

$23,375 against Cpl. Conger.

Total damages requested in this section are $170,975

Ⓑ $518,300 in punitive damages against Lt. Gilmore

$518,300 in punitive damages against Sgt. Welch

$44,500 in punitive damages against Cpl. Conger

Total punitive damages requested in this section are $1,081,100

Ⓒ Attorneys fees, Costs, and any other relief

Supplemental Jurisdiction over State of Florida Tort Claims

5) Claim of Battery:

Ⓐ $13,375 per defendant in this Section, 6 in all.
For all 6 defendants in this section total damages requested are $80,250

Ⓑ $34,500 in punitive damages per defendant in this Section, 6 in all.
For all 6 defendants in this section total punitive damages requested are $207,000

Ⓒ Attorneys fees, Costs, and any other relief

6) Claim of Negligence:

Ⓐ $2,650,000 against Lake County.

Ⓑ $13,375 per defendant in this Section, 11 in all.
For all 11 defendants in this section total damages requested are $147,125

Ⓒ $34,500 in punitive damages per defendant in this Section, 11 in all.
For all 11 defendants in this section total punitive damages requested are $379,500

Ⓓ Attorneys fees, Costs, and any other relief

pg. 2 of 4
Relief Summary

7.) <u>Claim of Medical Malpractice:</u>

(A) $2,650,000 against Lake County.

(B) $731,300 against Correct Care Solutions, LLC

$2,700,000 against Wellpath

$73,800 against policymakers and supervisors, 3 in all.
For all 3 defendants in this section total damages requested are $221,400

$37,450 against non-supervising nurses, 5 in all.
For all 5 defendants in this section total damages requested are $187,250

(C) $3,400,000 against Correct Care Solutions, LLC (Punitive Damages)

$3,400,000 against Wellpath (Punitive Damages)

$783,500 in punitive damages against policymakers and supervisors, 3 in all
For all 3 defendants in this section total punitive damages requested are $2,350,500

$55,620 in punitive damages against non-supervising nurses, 5 in all
For all 5 defendants in this section total punitive damages requested are $278,100

(D) Attorneys fees, costs, and any other relief

8.) <u>Claim of Civil Conspiracy:</u>

(A) $13,375 per defendant in this section, 13 in all
For all 13 defendants in this section total damages requested are $173,875

(B) $24,500 in punitive damages per defendant in this section, 13 in all
For all 13 defendants in this section total punitive damages requested are $318,500

(C) $37,450 per defendant in this section, 7 in all
For all 7 defendants in this section total damages requested are $262,150

(D) $55,620 in punitive damages per defendant in this section, 7 in all
For all 7 defendants in this section total punitive damages requested are $389,340

(E) Attorney's fees, costs, and any other relief

9.) <u>Claim of Intentional Infliction of Emotional Distress:</u>

(A) $2,650,000 against Lake County

(B) $73,800 per defendant in this section, 3 in all
For all 3 defendants in this section total damages requested are $221,400

(C) $13,375 per defendant in this section, 12 in all
For all 12 defendants in this section total damages requested are $160,500

(D) $731,300 against Correct Care Solutions, LLC

$2,700,000 against Wellpath

$324,300 against policymakers and supervisors, 2 in all
For all 2 defendants in this section total damages requested are $648,600

p.g. 3 of 4
Relief Summary

(E) $37,450 per defendant in this section, 5 in all
For all 5 defendants in this section total damages requested are $187,250

(F) $518,300 against policymakers and supervisors, 3 in all (Punitive damages)
For all 3 defendants in this section total damages requested are $1,554,900

$24,500 in punitive damages per defendant in this section, 12 in all
For all 12 defendants in this section total punitive damages requested are $294,000

$3,400,000 in punitive damages per defendant in this section, 2 in all
For all 2 defendants in this section total punitive damages requested are $6,800,000

$783,500 in punitive damages against policymakers and supervisors, 2 in all
For all 2 defendants in this section total punitive damages requested are $1,567,000

$55,620 in punitive damages against non-supervising nurses, 5 in all
For all 5 defendants in this section total punitive damages requested are $278,100

10.) **Claim of Respondeat Superior:**

(A) $2,650,000 against Lake County

(B) $731,300 against Correct Care Solutions, LLC
$2,700,000 against Wellpath

(C) Attorney's fees, Costs, and any other relief

11.) **Claim of Manufacturer's Negligence:**

(A) $2,700,000 per defendant in this section, 2 in all
For all 2 defendants in this section total damages requested are $5,400,000

(B) $4,550,000 in punitive damages per defendant in this section, 2 in all
For all 2 defendants in this section total punitive damages requested are $9,160,000

(C) Attorney's fees, Costs, and any other relief.

12.) **Claim of Product Liability**

(A) $3,500,000 against the manufacturer of "The Wrap"
(B) $7,900,000 in punitive damages against the manufacturer of "The Wrap"
(C) Attorney's fees, Costs, and any other relief.

p.g. 4 of 4
Relief Summary

Angel E. Gaston
Sumter Correctional Institution
Cell #J2105 : DC #020151
9544 CR 476 B
Bushnell, FL 33513

Mailed From Sumter
Correctional
Institution

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 34604
02 7H
0006197852

$ 003.71⁰

JUN 20 2025

Mailed From Sumter Correctional Institution
FLORIDA DEPARTMENT OF CORRECTIONS

U.S. Middle District Court of Florida
Ocala Division
207 NW Second Street
Room 337
Ocala, FL 34475

SCREENED
By USMS

PROVIDED TO ___ CORRECTIONAL INSTITUTION

— Legal Mail — —

SUBMITTED
DATE 6-20-25
OFFICER INITIALS